UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS,**

    **Plaintiff,**

    v.                                  **CIV. NO. 09-308 DJS/ACT**

**ECCO,**

    **Defendant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON APPLICATION TO PROCEED IN FORMA PAUPERIS**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Proceed *in forma pauperis* with Financial Affidavit pursuant to 28 U.S.C. §1915 [Doc. 2]. Plaintiff Nancy Lewis' ("Lewis") filed a Complaint for Civil Rights Violation ("Complaint"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA") on March 30, 2009, against ECCO, a coffee shop.[1]

To proceed *in forma pauperis*, without prepaying filing fees, a litigant must submit an affidavit showing that she "is unable to pay such fees...." 28 U.S.C. §1915(a)(1). Screening the case under §1915(e)(2) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious,....fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." §1915(e)(2). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument

---

[1] The Complaint names a dog as a co-plaintiff and is "signed" with a "paw print facsimile." This purported Complaint should be dismissed with prejudice. *Goss v. Fairfield Housing Authority*, 2006 WL 1272623 at * (D. Conn. Mar. 14, 2006) (holding that there are no provisions in the ADA or any other civil rights statute that confer upon an animal the right to bring a civil action).

on the law and facts in support of the issues raised in the motion." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Accordingly, federal courts now conduct a *sua sponte* review of a complaint pursuant to this section to determine if the complaint can withstand scrutiny under Fed.R.Civ.P. 12(b)(6). Dismissal of a complaint is appropriate only if, accepting as true all facts alleged, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its fact." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007) (abrogating the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff must 'nudge [her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

Lewis contends that on or about December 20, 2009 (sic) the Defendant ordered her and her dog out of the coffee shop. She further contends that her dog is a service dog.

The ADA is separated into three titles, one of which is implicated by Lewis' Complaint. Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals and states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operated a place of public accommodation." 42 U.S.C. §12182(a).

As a threshold matter, "any plaintiff asserting a claim under the ADA must establish he or she is a "qualified individual with a disability.'" *Lanman v. Johnson County, Kan.*, 393 F.3d 1151, 1156 (10th Cir. 2004) (quoting 42 U.S.C. § 42 U.S.C. § 12112(a)). "A disability within the meaning of the ADA is a 'physical or mental impairment that substantially limits one or more of the major life activities' of an individual." *Robertson v. Las Animas County Sheriff's Dep't.*, 500 F.3d 1185, 1193-94 (10th Cir. 2007) (quoting 42 U.S.C. 12102(2)(A)).

Lewis' Complaint failed to allege that she is a "qualified person with a disability" or that she has a "physical or mental impairment that substantially limits one or more of the major life activities of an individual."

Lewis' claim also fails under Title III because her Complaint contains no allegations that would set her service dog apart from the ordinary pet. Provisions of the ADA define a service animal as follows:

> Service animal means any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability, including but not limited to, guiding individuals with impaired vision, alerting individuals with impaired hearing to intruders or sounds, providing protection or rescue work, pulling a wheelchair, or fetching dropped items.

28 C.F.R. §36.104.

There are no allegations of what type of a assistance the dog provides to Lewis or what type of training the dog may have received that would benefit "an individual with a disability." Thus, there are no allegations that Lewis' dog meets the requirements for a "service dog" under the ADA.

Lewis' Title III allegations against the Defendant fails for yet another reason. Her Complaint seeks only monetary damages, but the only remedy available to a private litigation under Title III of the ADA is injunctive relief and attorney's fees and costs. *Vaughn v. Rent-A-Center, Inc.*, 2009 WL 723166 at *4 (S.D.Ohio March 16, 2009). Monetary damages cannot be recovered under Title III. *Id.* (Internal citations omitted).

Therefore, even affording Lewis' *pro se* Complaint a liberal construction, *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 2002), the Complaint is deficient and subject to dismissal under Fed.R.Civ.P. 12(b)(6) for the reasons stated above. However, because Lewis may be able to cure some or all the problems in her Complaint, the dismissal is without prejudice.

## RECOMMENDED DISPOSITION

The Court recommends that Plaintiff's Motion to Proceed *in forma pauperis* with Financial Affidavit pursuant to 28 U.S.C. §1915 be denied. The Court also recommends that Plaintiff's Complaint for Civil Rights Violation be dismissed without prejudice. Finally, the Court recommends that the purported complaint filed by a dog be dismissed with prejudice.

The parties are further notified that within ten (10) days of service of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the ten (10) day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**